OPINION
{¶ 1} Mother-appellant Mary McBeth ("McBeth") brings these appeals from the judgments of the Court of Common Pleas of Seneca County, Juvenile Division terminating her parental rights.
 {¶ 2} McBeth is the mother of Shawn (born September 22, 1993), Devante (born January 8, 1996), Makayah (born July 22, 2003), and Kahnyah (born June 15, 2004). On June 15, 2005, the Seneca County Department of Job and Family Services ("SCDJFS") filed complaints alleging that the children were dependent and requesting temporary custody of the children. A shelter care hearing was held on June 16, 2005, and the ex parte orders granting temporary *Page 4 
custody to SCDJFS were continued. On August 3, 2005, the children were adjudicated as dependent. The trial court then entered dispositional orders maintaining temporary custody with SCDJFS. SCDJFS entered case plans requiring McBeth to 1) attend parenting classes; 2) obtain individual counseling; 3) obtain substance abuse counseling; 4) find stable housing; 5) obtain employment; and 6) pass random drug screens.
 {¶ 3} On July 19, 2006, SCDJFS applied for permanent custody of the children. During the periods of temporary custody, McBeth was in and out of jail and prison. She managed to complete two parenting classes and one anger management course while in prison. Due to her various incarcerations and her failure to pass various random drug screens, McBeth had no visits with the children in 2005, one visit in 2006, and one visit in 2007. Hearings on the motions for permanent custody were held on January 12, January 24, and January 31, 2007. At the hearings, McBeth requested additional time to complete the case plan. On February 2, 2007, the trial court entered judgments granting permanent custody of all four children to SCDJFS. McBeth appeals from these judgments and raises the following assignment of error.
 The trial court abused its discretion by denying [McBeth's] request for an extension of time to regain custody of her children. *Page 5 
 {¶ 4} In McBeth's sole assignment of error she claims that the trial court should have granted her request for additional time to complete the caseplan. An appellate court may not reverse a custody determination absent an abuse of discretion by the trial court. Pater v. Pater (1992),63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 5} In this case, the trial court heard evidence that in the approximately 22 months since SCDJFS received temporary custody of the children, McBeth at best had made an appointment to begin receiving treatment for her cocaine addiction that caused her children to be removed from her. McBeth had routinely been in and out of jail, including a 10 month prison term. This included being incarcerated at the January 12, 2007, hearing due to possession of drug paraphernalia and complicity to forgery so that she and her boyfriend could obtain cash to pay for drugs. Additionally, McBeth due to her various incarcerations and continued drug addiction, had only visited with her children twice during those 22 months. The trial court found the children were bonded with their mother and the *Page 6 
older children, who were the only ones capable of expressing their wishes, wished to return to McBeth even though she was "sick." However, the trial court found that McBeth has a drug addiction that places her children at risk of harm, has an extensive history of alcohol use, has been repeatedly incarcerated, and has not found proper housing or employment. Based upon these findings, the trial court determined that the children could not be returned to McBeth within a reasonable period of time and terminated McBeth's parental rights rather than grant McBeth additional time to complete the caseplan. A review of the record indicates that McBeth had made very little progress towards the completion of the caseplan and that the only progress made occurred while McBeth was incarcerated. Thus, the trial court's soundly reasoned judgment, very thoroughly set out in its February 2, 2007, Judgment Entry, is supported by the evidence and is not unreasonable, arbitrary, or unconscionable and is therefore not an abuse of discretion. The assignment of error is overruled.
 {¶ 6} The judgments of the Court of Common Pleas of Seneca County are affirmed.
Judgments affirmed.
 SHAW and PRESTON, JJ., concur. r *Page 1